# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————————

|  |  |
|---|---|
| DENNIS BLANCHETTE, | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | )   **Civil Action No.** |
| v. | )   **20-10476-FDS** |
|  | ) |
| KONSTANTIN TRETYAKOV, | ) |
|  | ) |
| **Defendant.** | ) |

—————————————————————————

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

**SAYLOR, C.J.**

This is a civil lawsuit arising arising out of a state-court criminal proceeding.  Plaintiff Dennis Blanchette, who is proceeding *pro se*, is a Massachusetts citizen who was prosecuted in the Lowell District Court for driving with a suspended license.[1]

On March 18, 2020, Blanchette filed this lawsuit against defendant Konstantin Tretyakov, the assistant district attorney who prosecuted the case against him, under 42 U.S.C. § 1983.  Although the complaint asserts violations of multiple rights, the central claim appears to be based on a violation of Blanchette's perceived right to "freely travel in any mode of conveyance of [his] choosing."  The complaint names Tretyakov in both his official and individual capacity.

Tretyakov has filed a motion to dismiss the complaint against him for insufficient service of process, failure to state a claim upon which relief can be granted, and lack of subject-matter jurisdiction.  For the following reasons, the motion will be granted.

---

[1] It is unclear whether he faced charges for the substantive offense of driving with a suspended license or for failing to pay a fine in connection with that offense.  The specifics of the state-court proceeding are immaterial at this stage.

I.      **Background**

Unless otherwise noted, the following facts are as alleged in the complaint.

Dennis Blanchette is a Massachusetts resident.  (Compl. at 2).

Konstantin Tretyakov is an assistant district attorney for Middlesex County in the Commonwealth of Massachusetts.  (*Id.*).

The relevant factual allegations appear to arise out of *Commonwealth v. Blanchette*, 1911-CR-4047, a proceeding in the Lowell District Court in late 2019.  (Compl. at 6; Mot. to Dis. Ex. A, "Criminal Docket").  Although not specified in the complaint, Blanchette apparently faced criminal charges for driving with a suspended license.[2]

The complaint alleges that between September 2019 and December 2019, Tretyakov "as man and acting under color of law as Assistant District Attorney, [] maliciously prosecuted [Blanchette] for having exercised [his] inherent right to freely travel in any mode of conveyance of [his] choosing."  (Compl. at 4).

It alleges that Tretyakov "chose to continue to offer the dismissal of charges against [Blanchette] contingent upon [him] paying $100/One Hundred Dollars [sic]."  (*Id.*).  Blanchette allegedly "counter-offered to pay his suggested extortion, [and] tendered a $1.00/One Dollar Federal Reserve Note [sic], which [Tretyakov] refused."  (*Id.*).

According to the complaint, Blanchette's "unalienable right of liberty to travel freely in any mode of conveyance of [his] choosing, inherently resides in [his] body, and such malicious prosecution and extortion deprived [him] of such right."  (*Id.*).  It alleges that this prosecution

---

[2] The Lowell District Court docket in that case is titled "License Suspended, OP MV with c90 § 23."  *See Commonwealth v. Blanchette*, 1911-CR-4047; *see also* (Mot. to Dis. Ex. A, Criminal Docket).  Otherwise, however, the facts of this underlying case have not been clarified by the parties and are not relevant to the disposition of this motion.

2

has caused him "immeasurable harm and/or injury, having unnecessarily suffered a myriad of emotional distresses." (*Id.*).  These "emotional distresses" include "shock, fear, embarrassment, anger, frustration, anxiety, nervousness, paranoia, sleeplessness, headaches, loss of appetite and overall loss of the enjoyment of life[.]" (*Id.* at 5).

On March 19, 2020, Blanchette filed a complaint asserting claims against Tretyakov, in his individual and official capacities, under 18 U.S.C. § 1983.  (*Id.* at 2–3).  Specifically, it alleges that Tretyakov violated his federal constitutional right to travel, "the Constitution of and for the United States of America, Bills of Rights, Amendment Articles 4, 5, 8, 9, 10, 14," 42 U.S.C. § 1981(a), and 42 U.S.C. § 1985(3).  (*Id.* at 3).  It seeks "actual/or punitive damages in the amount of $2,000,000.00/Two Million Dollars [sic], in compensatory relief for the harm and/or injury from a myriad of emotional distresses [he] suffered[.]" (*Id.* at 5).

Tretyakov has moved to dismiss the complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), insufficient service of process under Fed. R. Civ. P. 12(b)(5), and failure to state a claim under Fed. R. Civ. P. 12(b)(6).[3]

## II.   <u>Legal Standard</u>

On a motion to dismiss for lack of subject-matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993)).  As with other motions to dismiss, when ruling on such a motion the court "must credit the plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

---

[3] Defendant's motion to dismiss characterizes these grounds as "Fed. R. Civ. P. 12 (b)(2), (4), (5), and (6)." (Mot. to Dis. at 1).

*See also Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (noting that on a motion to dismiss the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom.") (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, while *pro se* complaints are accorded an "extra degree of solicitude," *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir. 1991), they still must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1998).

## III.  <u>Analysis</u>

For the reasons set forth below, the court lacks subject-matter jurisdiction over this matter, and the case will therefore be dismissed.

### A.  <u>Claim Against Tretyakov in His Official Capacity</u>

"As a general matter, states are immune under the Eleventh Amendment from private suit in the federal courts, absent their consent." *Wojcik v. Massachusetts State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002) (internal quotations omitted). *See also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought."). The Eleventh

Amendment has two exceptions:  "First, Congress may abrogate a State's immunity by expressly authorizing such a suit pursuant to a valid exercise of power.  Second, a State may waive its sovereign immunity by consenting to be sued in federal court."  *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003) (internal citations omitted).  Eleventh Amendment immunity is jurisdictional in nature, and "absent waiver, neither a State nor its agencies acting under its control may be subject to suit in federal court."  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

For purposes of sovereign immunity, suits for damages against state officials in their official capacities generally constitute suits against the state itself.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'  Suits against state officials in their official capacity therefore should be treated as suits against the State.") (citation omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).  Accordingly, the suit against defendant in his official capacity is, for the purposes of sovereign immunity, a suit for damages against the Commonwealth of Massachusetts.  *See also Tyler v. Massachusetts*, 981 F. Supp. 2d 92, 95 (D. Mass. 2013) ("[A] plaintiff may not resort to the expedient of simply naming a state official as a defendant as a means of circumventing the Eleventh Amendment.").

Neither of the exceptions to sovereign immunity apply here.  First, there has been no waiver of sovereign immunity by the Commonwealth.  Waivers must be "express," *Limar Shipping Ltd. v. United States*, 324 F.3d 1, 6 (1st Cir. 2003), and there is nothing, express or otherwise, resembling such a waiver here.[4]  Second, it is well-settled law that the "enactment of

---

[4] Plaintiff incorrectly contends that the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, § 9, provides such a waiver.  *See Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court.");

§ 1983 did not abrogate the Eleventh Amendment immunity of the states." *Colon-Rivera v. Puerto Rico Dept. of Social Services*, 736 F.2d 804, 806 n.2 (1st Cir. 1984) (interpreting the Supreme Court's decision in *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of § 1983).

Accordingly, the claim against Tretyakov in his official capacity will be dismissed for lack of subject-matter jurisdiction.

### B.    Claim Against Tretyakov in His Individual Capacity

Prosecutors are absolutely immune from suit for any actions they may have taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This absolute immunity extends to actions outside the courtroom that are within the prosecutor's function as an advocate. *Id.*; *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Absolute immunity for prosecutors is necessary to protect the judicial process. *Burns v. Reed*, 500 U.S. 478, 485 (1991); *Imbler*, 424 U.S. at 422–23. Without such protection, "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Burns*, 500 U.S. at 485 (quoting *Imbler*, 424 U.S. at 423).

In *Imbler*, the plaintiff brought a civil-rights action pursuant to 42 U.S.C. § 1983 alleging that the prosecutor-defendant intentionally allowed a witness to give false testimony, which led to the plaintiff's indictment. *Id.* at 410–17. The Supreme Court held that a state prosecutor had

---

*cf. College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 680 (1999) (holding that sovereign immunity may be waived only if a state legislature makes "clear declaration" of waiver).

absolute immunity for the initiation and pursuit of a criminal prosecution. *Id.* at 427–31. The Court noted that at common law prosecutors were immune from such suits, and held that that the interests supporting the common-law immunity were equally applicable to suits under § 1983. *Id.* at 421-24, 426 n.23. *See also Yaselli v. Goff*, 12 F.2d 396, 407 (2d Cir. 1926) (prosecutor immune from liability for claim that he procured plaintiff's indictment by the willful introduction of false and misleading evidence), aff'd, 275 U.S. 503 (1927).

Accordingly, it is well-settled that where a plaintiff's claims are based on the defendant's role as an advocate in initiating or executing a prosecution, they cannot be the basis for a civil-rights action. For purposes of absolute immunity, it does not matter whether the defendant's actions were malicious or taken in bad faith. *See Burns*, 500 U.S. at 489–90 (prosecutor enjoyed absolute immunity for making false or defamatory statements, or for eliciting false and defamatory testimony from witnesses, in judicial proceeding); *Imbler*, 424 U.S. at 430–31 (prosecutor entitled to absolute immunity for knowing use of false evidence at trial and for suppression of exculpatory evidence); *Reid v. State of New Hampshire*, 56 F.3d 332, 336–38 (1st Cir. 1995) (prosecutors entitled to absolute immunity for knowing suppression and delayed disclosure of exculpatory evidence and for misleading the court to conceal their conduct).

Here, there is no question that the acts complained of were undertaken by Tretyakov in the course of his role as an advocate for the state. Whether the complaint is based on the bringing of charges against Blanchette or the actual handling of the case, he is entitled to the protections of absolute immunity. *See Buckley*, 509 U.S. at 273. Accordingly, this court lacks jurisdiction to hear the claim against defendant in his individual capacity.[5]

---

[5] Defendant also contends that service was inadequate and that the complaint fails to state a claim. Because subject-matter jurisdiction goes directly to the court's authority to hear the claim, "when [a] motion [to dismiss] is based on more than one ground, the cases are legion stating that the district court should consider the Rule 12(b)(1)

IV.     <u>**Conclusion**</u>

For the foregoing reasons, this court is without subject-matter jurisdiction over this

proceeding, and accordingly the motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  July 23, 2020                        Chief Judge, United States District Court

---

challenge first . . . ." 5B C. Wright & A. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2020) (citing, *inter alia*, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998); *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149 (1st Cir. 2002).  Accordingly, this memorandum and order does not address those additional arguments.